**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| Alex White III, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 9:19-cv-00762-JMC |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Bureau of Prisons, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the court for review is the Magistrate Judge's Report and Recommendation ("Report") filed on May 17, 2019 (ECF No. 10). The court **ACCEPTS** the Magistrate Judge's Report and incorporates it herein by reference. The court **OVERRULES** Plaintiff Alex White III's Objection (ECF No. 13), and for the reasons set out in the Report, **DISMISSES** his Petition for a Writ of Habeas Corpus (ECF No. 1-2) without prejudice and without requiring Respondent Bureau of Prisons to file a return.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 6, 2019, White, proceeding pro se and in forma pauperis, filed a Petition for a Writ of Habeas Corpus ("Habeas Petition"), asserting that "[t]he Federal Bureau of Prisons [is] hesitating to implement the statutory congressional mandate of the First Step Act[] that awards every inmate 54 days of [g]ood [t]ime [c]redit a year."[1] (ECF No. 1-2 at 2.) White argues this delay violates the rules of statutory construction and due process of law. (*Id.* at 6.)

---

[1] Under the prison mailbox rule, "a pro se litigant's legal papers are considered filed upon 'delivery to prison authorities, not receipt by the clerk.'" *United States v. McNeill*, 523 F. App'x 979, 981 (4th Cir. 2013) (quoting *Houston v. Lack*, 487 U.S. 266, 275 (1988)). The envelope in which White mailed his Habeas Petition has a stamp showing White delivered his Habeas Petition to

The Magistrate Judge entered his Report on May 17, 2019. (ECF No. 10.) The Magistrate Judge determined that White's claim was without merit because the good time credit provisions of the First Step Act "will not take effect until July 2019." (*Id.* at 4.) As a result, the Magistrate Judge also found that White's Habeas Petition did not present a case or controversy under Article III of the United States Constitution. (*Id.* at 5.) Finally, the Magistrate Judge found that "even if the [First Step Act's good time credit provisions] were effective at this time, this action is still subject to dismissal because Petitioner admits that he has not exhausted his available administrative remedies." (*Id.* at 6.)

On June 3, 2019, White filed an Objection to the Report.[2] (ECF No. 13.) White "objects to the [M]agistrate [J]udge's assessment that [White] did not provide any adequate facts to support his argument exhaustion should be excused in his case." (*Id.* at 1.) In support of his Objection, White cites to *United States v. Walker*, No. 3:10-cr-00298-RBB-1 (D. Or. Feb. 7, 2019), in which a federal district court ordered the Bureau of Prisons to recalculate a defendant's release date using the First Step Act's good time credit provisions.[3] (*Id.* at 2.) (*See also* ECF No. 10 at 5–6 n.5.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District Court of South Carolina. The Magistrate

prison authorities on May 6, 2019. (ECF No. 1-3 at 3.) Accordingly, the court finds White's Habeas Petition was filed on May 6, 2019.

[2] Under the prison mailbox rule, "a pro se litigant's legal papers are considered filed upon 'delivery to prison authorities, not receipt by the clerk.'" *McNeill*, 523 F. App'x at 981 (quoting *Houston*, 487 U.S. at 275). The envelope in which White mailed his Objection does not have a stamp indicating when White delivered his Objection to prison authorities. (*See* ECF No. 13-2.) However, resolution of the exact date White's Objection was filed is unnecessary, as it was received by the clerk on June 3, 2019, which was within the time allowed for filing objections. (*See* ECF No. 10.)

[3] In his Report, the Magistrate Judge distinguished *Walker* from this case on its facts and found "[White]'s reliance on *Walker* is without merit." (ECF No. 10 at 5–6 n.5.)

Judge only makes a recommendation to this court; the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court engages in a de novo review of those portions of the Report to which the parties have made specific objections. *See* 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(3). The court may accept, reject or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). Also, the court is required to interpret pro se documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012).

### III. DISCUSSION

On May 17, 2019, as part of the Report, the Magistrate Judge notified the parties of their right to file *specific*, written objections by May 31, 2019. (ECF No. 10 at 9.) White's Objection restates` arguments he advanced in his Habeas Petition and, therefore, "do not direct the court to a specific error in the [M]agistrate's proposed findings and recommendation." *Orpiano*, 687 F.2d at 47. (*Compare* ECF No. 1-2, *with* ECF No. 13.) At most, White's Objection disagrees with the Magistrate Judge's findings. (*See* ECF No. 13 at 1 ("[P]etitioner respectfully objects to the [M]agistrate [J]udge's assessment that he did not provide any adequate facts to support his argument exhaustion should be excused in his case.").) "[O]bjections, stating no more than a general disagreement with the magistrate judge's findings, do not alert the court to errors and are thus not accurately labeled as 'objections.'" *Hendrix v. Colvin*, No. 5:12-CV-01353-JMC, 2013

3

WL 2407126, at *4 (D.S.C. June 3, 2013). In the absence of *specific* objections to the Report, this court is not required to provide an explanation for adopting the recommendations without modification. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Absent specific objections, the court must only ensure that there is no clear error on the face of the record in order to accept the recommendations. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note); *Orpiano*, 687 F.2d at 47 ("Courts have also held de novo review to be unnecessary in analogous situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."). Additionally, if a party fails to file specific, written objections to the Report, the party forfeits the right to appeal the court's decision concerning the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Accordingly, construing Plaintiff's Objections liberally, the court finds he failed to advance any *specific* objections to the Magistrate Judge's Report, and the court adopts the Report herein. *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After a thorough and careful review of the record, the court finds the Magistrate Judge's Report and Recommendation provides an accurate summary of the facts and law in this case. Accordingly, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 10) and incorporates it herein by reference. The court **OVERRULES** White's Objection (ECF No. 13), and for the reasons set out in the Report, **DISMISSES** his Petition for a Writ of Habeas Corpus (ECF No. 1-2) without prejudice and without requiring Respondent Bureau of Prisons to file a return.

**IT IS SO ORDERED.**

_J. Michelle Childs_

United States District Judge

June 18, 2019
Columbia, South Carolina